UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Deutsche Bank National Trust
Company, Trustee for Long Beach
Mortgage Loan Trust 2006-5</u>

    v.                                 Civil No. 09-cv-385-LM

<u>Alia Fadili, Stewart Title Company,
and Stewart Title Guaranty Company</u>

<u>Adel A. Fadili</u>

    v.                                 Civil No. 12-cv-068-JD

<u>Deutsche Bank National Trust
Company, Trustee for Long Beach
Mortgage Loan trust, 2006-5</u>

<u>Deutsche Bank National Trust
Company, Trustee for Long Beach
Mortgage Loan Trust, 2006-5</u>

    v.                                 Civil No. 12-cv-106-JD

<u>Stewart Title Guaranty Company</u>

<u>O R D E R</u>

    Because the three cases listed above are related, the clerk of court issued a potential consolidation order on March 20, 2012. The time allowed for responses has passed.

    All three of the cases pertain to transactions between members of the Fadili family to convey property in Alton, New Hampshire. The issues raised in the cases began when Adel Fadili

attempted to sell property with a house, referred to as the House Lot, to his son, Amir.  The legal description of the property in the transaction documents was for a different piece of property, referred to as the Vacant Lot.  Amir then sold the property, which he had purchased from Adel, to his sister, Alia.  Again, the legal description of the property was for the Vacant Lot.  Alia obtained a mortgage loan from Deutsche Bank's predecessor, which also referenced the Vacant Lot.  Stewart Title Company handled the closing, and Stewart Title Guaranty Company issued a title insurance policy to Deutsche Bank's predecessor.

In case number 09-cv-385-LM, Deutsche Bank brought claims against Stewart Title Company, Stewart Title Guaranty Company, and Alia Fadili, pertaining to the mortgage loan made by Deutsche Bank's predecessor to Alia when she bought the property from Amir.[1]  Adel filed a petition in state court against Deutsche Bank to quiet title for the Vacant Lot.  Deutsche Bank removed the quiet title action to this court, case number 12-cv-068-JD.  Deutsche Bank then filed a declaratory judgment action, 12-cv-106-JD, against Stewart Title Guaranty Company, seeking a defense and indemnification in the quiet title action.

---

[1] Summary judgment was granted in that case in favor of Stewart Title and Stewart Title Guaranty on all claims against them and in favor of Alia on Count III, promissory estoppel.

Alia objects to consolidation on the grounds that the title issue should be decided on summary judgment, that the declaratory judgment action is a matter of contract interpretation and "has nothing to do with the issues" in the original case, and that there is no need for consolidation.  Stewart Title Guaranty Company objects to consolidation because the declaratory judgment action pertains to the insurance policy and does not involve Adel or Alia Fadili.  Deutsche Bank does not oppose consolidation but asks that the issues raised in the cases be addressed separately, beginning with the declaratory judgment action.

The original case, 09-cv-385-LM, is currently stayed, pending foreclosure by Deutsche Bank on the Vacant Lot.  Deutsche Bank represents that foreclosure cannot proceed until the quiet title action is resolved and also seeks a determination in the declaratory judgment action with respect to Stewart Title Guaranty's obligations under the title insurance policy.  Stewart Title Guaranty asks that the declaratory judgment action be decided first.

Although the cases pertain to the same transactions, they involve different parties and raise discrete issues that are best addressed separately.  Therefore, consolidation of the cases into a single case would not be appropriate.  To facilitate an orderly

resolution of the issues, however, all three cases will be assigned to the same judge.

## Conclusion

For the foregoing reasons, the original case, 09-cv-385-LM, is reassigned to Judge DiClerico as 09-cv-385-JD.

The declaratory judgment action, 12-cv-106-JD, will proceed first, followed by the quiet title action, 12-cv-068-JD, which will be stayed until the declaratory judgment action is concluded. During that time, the original case, 09-cv-385-JD, will remain stayed.

When the quiet title action is resolved, Deutsche Bank shall file a status report in 09-cv-385-JD.

The clerk's office shall schedule and provide notice for a preliminary pretrial conference in 12-cv-106-JD.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 16, 2012

cc:   Peter G. Callaghan, Esquire
      Edmond J. Ford, Esquire
      Steven M. Latici, Esquire
      Philip A. Brouillard, Esquire