UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Deutsche Bank National Trust
Company, As Trustee for Long Beach
Mortgage Loan Trust 2006-5

   v.                                    Civil No. 09-cv-385-JD
                                         Opinion No. 2016 DNH 033
Alia Fadili, et al.


O R D E R

Deutsche Bank National Trust Company, as trustee for Long Beach Mortgage Loan Trust 2006-5, brought suit against Alia Fadili, Stewart Title Company, and Stewart Title Guaranty Company, alleging claims that arose from a mortgage loan granted to Alia Fadili by Deutsche Bank's predecessor, Long Beach Mortgage Company.  Summary judgment has been entered in favor of Stewart Title Company and Stewart Title Guaranty Company on all claims against them and in favor of Fadili on one claim against her.  Deutsche Bank moves for summary judgment on some of the remaining claims and on Fadili's counterclaims.  Fadili, who is now proceeding pro se, did not respond to the motion for summary judgment.

Standard of Review

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Commodity Futures Trading Comm'n v. JBW Capital, LLC, --- F. 3d ---, 2016 WL 375272, at *4 (1st Cir. Jan. 29, 2016). "A genuine dispute is one that a reasonable fact-finder could resolve in favor of either party and a material fact is one that could affect the outcome of the case." Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015). Reasonable inferences are taken in the light most favorable to the nonmoving party, but unsupported speculation and evidence that "is less than significantly probative" are not sufficient to avoid summary judgment. Planadeball v. Wyndham Vacation Resorts, Inc., 793 F.3d 169, 174 (1st Cir. 2015) (internal quotation marks omitted).

Under the local rules of this district, a memorandum in support of summary judgment must "incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried." LR 56.1(a). If an opposing party fails to oppose the supported facts provided by the moving party, "[a]ll properly supported material facts set forth in the moving party's factual statement may be deemed admitted." LR 56.1(b). Therefore, because Fadili failed to provide a response

to the motion for summary judgment, the properly supported facts provided by Deutsche Bank are deemed admitted.

## Background

This case and two related cases, <u>Fadili v. Deutsche Bank National Trust Company</u>, 12-cv-68-JD, and <u>Deutsche Bank National Trust Company v. Stewart Title Guaranty Company</u>, 12-cv-106-JD, arose from the sale of property on Lake Winnipesauke in Alton, New Hampshire, among members of the Fadili family. Because of the relationship among the cases, all three cases eventually were assigned to the undersigned judge to allow an orderly resolution of the issues. This case, 09-cv-285-JD, was stayed while the other two cases were addressed and resolved.

Adel Fadili, Alia's father, acquired property in Alton that was comprised of several lots, including the two lots at issue in this case: a lot without improvements ("Vacant Lot") and a lakefront lot with a house, garage, and dock ("House Lot"). In December of 2001, Adel agreed to sell the House Lot to his son, Amir, and Amir obtained a mortgage to buy the property. The mortgage and the warranty deed, however, described the Vacant Lot rather than the House Lot.

In January of 2006, Amir entered a purchase and sale agreement with his sister, Alia, for her to buy the property he had purchased from their father, Adel. Alia obtained a mortgage

for the purchase from Long Beach Mortgage Company and signed a promissory note. The mortgage and the warranty deed used the descriptions from the prior mortgage and warranty deed and described the Vacant Lot.

Stewart Title was the closing agent for the transaction between Amir and Alia. Stewart Title communicated with Long Beach Mortgage Company for the closing, and had no dealings with Deutsche Bank. Stewart Title Guaranty provided title insurance for the transaction. The closing was held on April 27, 2006.

On June 1, 2006, Alia's mortgage was conveyed to Deutsche Bank as Trustee of the Long Beach Mortgage Loan Trust 2006-05. The conveyance was made under a Pooling and Servicing Agreement.

Adel had filed for Chapter 7 bankruptcy in early 2005. In July of 2008, the bankruptcy trustee filed a notice of intent to sell the House Lot at auction in the bankruptcy proceeding. Adel and Washington Mutual, the servicer of Alia's mortgage, objected to the sale on the ground that Adel had intended to convey the House Lot to Amir and Amir had intended to convey the House Lot to Alia. Washington Mutual argued that the mortgage was intended to secure the loan based on the value of the House Lot. The bankruptcy court rejected the objections raised by Adel and Washington Mutual, and the House Lot was sold.

4

After learning that the House Lot was part of Adel's bankruptcy estate, Alia stopped making mortgage payments in August of 2008.  The law suits were filed thereafter.  Deutsche Bank represents that Alia owes $1,605,674.85 in principle, interest, and other costs on the note and seeks a declaratory judgment that the mortgage encumbers the Vacant Lot.

## Discussion

The claims that remain in the case are Deutsche Bank's claims against Fadili: Count I (breach of promissory note and mortgage), Count II (declaratory judgment), Count V (negligence), Count IX (negligent misrepresentation), and Count X (unjust enrichment).  Fadili's counterclaims are for breach of contract, negligence, and a declaratory judgment that the mortgage is invalid.  Deutsche Bank moves for summary judgment on its breach of contract (Count I) and declaratory judgment (Count II) claims and on Fadili's counterclaims.[1]

A.  Breach of Contract – Count I

For purposes of summary judgment, Deutsche Bank contends that Fadili breached the promissory note by failing to make

---

[1] In a footnote in the motion for summary judgment, Deutsche Bank states that it is not moving for summary judgment on Counts V, IX, or X and that it will nonsuit those claims if summary judgment is successful on the other claims and counterclaims.

payments since August of 2008.  "A valid, enforceable contract requires offer, acceptance, consideration, and a meeting of the minds."  Tessier v. Rockefeller, 162 N.H. 324, 339 (2011). Breach occurs when a party fails to perform an obligation that is required by the contract without a legal excuse.  Audette v. Cummings, 165 N.H. 763, 767 (2013).

It is undisputed that Fadili signed the note and agreed to make the required payments.  It is also undisputed that she stopped making payments in August of 2008.  Fadili offers no excuse for her failure to make the required payments. Therefore, Fadili has breached the terms of the note.

Deutsche Bank asserts that Fadili owes $1,605,674.85 on the note.  In support, Deutsche Bank filed the affidavit of Nicole L. Smiley, who is an "Authorized Signer" for JPMorgan Chase Bank, N.A. ("Chase"), the servicer of the loan to Fadili. Smiley explains that as Authorized Signer she has access to Chase's business records, including the records of Fadili's loan.  She states that based on Chase's records, Deutsche Bank is the holder of the note and mortgage.  She further states that as of December 29, 2015, Fadili owed a principal balance of $828,359.63; interest from July 1, 2008, through November 30, 2015, of $589,792.32; and pre-acceleration late charges of $8,976.87.  She also owed a total of $177.957.33 held in escrow

for unpaid real estate taxes, $553.00 for an appraisal, and $35.60 for a property inspection. The total of those amounts is $1,605,674.85. Fadili does not dispute the amount she owes.

Therefore, Deutsche Bank is entitled to summary judgment on the breach of contract claim in the amount of $1,605,674.85.

B.  Declaratory Judgment

Deutsche Bank seeks a declaratory judgment that it "has the right to exercise its rights pursuant to the terms of the Mortgage with regard to the [Vacant Lot]." Under 28 U.S.C. § 2201, the court "may declare the rights and other legal relations of any interested party seeking such declaration." The court construes Deutsche Bank's claim to seek a declaratory judgment that it holds a mortgage on the Vacant Lot, despite the address listed in the mortgage document.

Deutsche Bank contends that the court found in the prior summary judgment order that it holds a valid mortgage on the Vacant Lot. Deutsche Bank argues that summary judgment was not granted on the claim then because it had not moved for summary judgment on the claim. To rectify that situation, Deutsche Bank seeks summary judgment on the declaratory judgment claim now. Having not filed an objection, Fadili does not dispute Deutsche Bank's argument.

In the previous summary judgment order, the court concluded that Fadili had not shown that her performance under the note was excused due to a failure of consideration or because of the error in the description of the mortgaged property. The court found that "[r]egardless of what Fadili and Long Beach may have thought she was mortgaging, the fact remains that she borrowed $840,000 from Long Beach, and Deutsche Bank now holds security for that loan in the form of a mortgage on the vacant lot." Order, doc. no. 76, at 39. Therefore, as the court previously determined, Deutsche Bank holds a valid mortgage on the Vacant Lot, and Deutsche Bank is entitled to a declaratory judgment to that effect.

C.  Counterclaims

Fadili brought counterclaims against Deutsche Bank for breach of the duty to prepare closing documents, negligence in failing to have its agent, Stewart Title, use the correct property description in the mortgage and deeds, and a declaratory judgment that the mortgage is invalid. Deutsche Bank contends that the counterclaims fail because it did not enter a contract with Fadili to prepare closing documents and Stewart Title was not its agent for purposes of preparing the closing documents. Further, as addressed above, Deutsche Bank holds a valid mortgage on the Vacant Lot.

1.  Breach of Contract

In support of her breach of contract counterclaim, Fadili alleged that Deutsche Bank was obligated on "the terms of the loan contract" to prepare correctly the closing documents but in breach of that agreement used an incorrect property description. It is undisputed, however, that no contract existed between Fadili and Deutsche Bank that required Deutsche Bank to prepare the closing documents.

Fadili's loan and mortgage were with Long Beach Mortgage Company.  Long Beach contracted with Stewart Title, not Deutsche Bank, to do a title search and prepare closing documents. Fadili provides no evidence to the contrary.

Fadili's breach of contract claim, apparently, relies on an unarticulated theory that Deutsche Bank is liable for communications made by Long Beach Mortgage Company to Stewart Title and Stewart Title's failure to properly prepare the closing documents.  Deutsche Bank seeks to enforce the loan and mortgage as the trustee of the Long Beach Mortgage Trust 2006-05 and asserts that any liability of Long Beach was not sold with the mortgage loans.  In the absence of an objection, Fadili makes no argument and provides no evidence to show that Deutsche

Bank may be liable for a breach of contract by Long Beach.[2]

Therefore, Deutsche Bank is entitled to summary judgment in its favor on Fadili's breach of contract claim.

2. Negligence

Fadili alleges that Deutsche Bank was negligent because it owed her a duty to have the mortgage and deed drafted with appropriate skill, care, and expertise and breached its duty when its agent used the wrong property description. She asserted that Deutsche Bank is vicariously liable for the negligence of its agent, Stewart Title. In support of summary judgment, Deutsche Bank argues that Stewart Title was not Deutsche Bank's agent when it performed the title search on the property and prepared the closing documents.

Deutsche Bank did not hire Stewart Title to draft the mortgage and deed. Fadili has not shown that Stewart Title was Deutsche Bank's agent. Therefore, Deutsche Bank is entitled to summary judgment on the negligence counterclaim.

---

[2] As noted in the prior summary judgment order, Fadili provided no evidence there that Long Beach gave Stewart Title improper instructions.

Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (document no. 113) is granted.

Summary judgment is entered in favor of Deutsche Bank on Counts I and II and on all counterclaims. Deutsche Bank is awarded $1,605,674.85 in damages on Count I. A declaratory judgment is entered on Count II that Deutsche Bank holds a valid mortgage on the Vacant Lot.

The claims that remain are Counts V, IX, and X. Deutsche Bank shall file a notice of dismissal of those claims **on or before March 9, 2016.**

SO ORDERED.

                                   _____
                                   Joseph DiClerico, Jr.
                                   United States District Judge

February 23, 2016

cc:  Alia Fadili, pro se
     Peter G. Callaghan, Esq.
     Kenneth D. Wacks, Esq.